Carole D. CHAZIN, Plaintiff,

v.

Marvin LIEBERMAN, et al., Defendants.

No. 89 Civ. 5968 (RPP).

United States District Court, S.D. New York.

Jan. 31, 1990.

[black redaction bar]

Carole D. Chazin, New York City, pro se.

Norman A. Olch, New York City, for defendants Elizabeth Lieberman and Harold Lieberman.

ROBERT P. PATTERSON, JR., District Judge.

Defendants Elizabeth Lieberman and Harold Lieberman move for an order quashing deposition subpoenas duces tecum served by plaintiff on 12 nonparty institutions, primarily banks, for records relating to defendants or members of their family, or in the alternative, limiting the scope of the subpoenas, on the grounds that the records sought are (a) not relevant to the pending action, and (b) threaten the privacy interests of defendants. The motion was heard on January 23, 1990. At that time, plaintiff, counsel for moving defendants and counsel for Bank Leumi Le Israel, one of the subpoenaed banks, requested to be heard. Plaintiff is proceeding *pro se* in this case.

At the hearing, counsel for Bank Leumi Le Israel informed the Court and plaintiff that his client had no branches in New York State, but that its affiliate, Bank Leumi Trust Company, conducted banking business in New York State. Plaintiff agreed that, in light of these facts, Bank Leumi Le Israel would not have the materials she was seeking. Accordingly, plaintiff agreed to withdraw the subpoena addressed to Bank Leumi Le Israel and to serve a new subpoena on Bank Leumi Trust Company.

With respect to the remaining 11 subpoenas, the first issue is whether the moving defendants have standing to object to the issuance of subpoenas against nonparties. "Ordinarily a party has no standing to seek to quash a subpoena to one who is not a party unless the party claims some personal right or privilege with regard to the documents sought." 9 Wright & Miller, *Federal Practice and Procedure*

§ 2457 (1971). The moving defendants argue that they have personal privacy rights in the records sought by plaintiff. This claim is sufficient to give them standing to pursue their present motion.

The Court finds, however, that whatever privacy interests the moving defendants have in the material sought do not so outweigh the plaintiff's right to pursue relevant material that the subpoenas must be quashed. Instead, in view of the policies underlying the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq.*, and the Family Educational and Privacy Rights Act, 20 U.S.C. § 1232g,[1] the Court will impose limitations on the subpoenas so as to restrict their scope to material that pertains to the acts specified in the complaint.

The 12 subpoenas seek documents from 1980 to date. However, the entire 55 page complaint fails to reflect any claims for relief by plaintiff due to acts of the defendants prior to August 1987. Paragraph 9 of plaintiff's complaint charges that "[b]eginning in or about August 1987 and continuing to or about May, 1988 ... defendants ... devised a plan ... to defraud me to obtain moneys through false pretenses in violation of 18 U.S.C. § 1964." Plaintiff has not advanced any reason to believe that records prior to August 1987 will be relevant to her claim, and the Court will therefore modify the time period addressed by the subpoenas to the period from August 1987 until the date this lawsuit was commenced.

The Court finds the subpoenas to be otherwise reasonable. The breadth of material sought appears to be rationally formulated to obtain relevant information and accordingly will not be disturbed absent a motion pursuant to Fed.R.Civ.Proc. 45 by a recipient of a subpoena.

SO ORDERED.

---

1. One of the subpoenas at issue is directed to Columbia University.