**CHEMICAL BANK, Plaintiff,**

v.

**Jeanne–Marie DANA, a/k/a Jeanne Peters, a/k/a J. Martin Dana, a/k/a Patricia Delafield, and a/k/a Mrs. Ashton Sloane, Defendant.**

**Civ. No. 5–92–341 (WWE).**

United States District Court,
D. Connecticut.

March 23, 1993.

Maurice Keith Segall, Marshall Goldberg, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for Chemical Bank.

Frank J. Silvestri, Jr., Adele V. Patterson, Jennifer L. Forrence, Zeldes, Needle & Cooper, Bridgeport, CT, for Jeanne–Marie Dana.

## SUPPLEMENTAL RULING ON MOTION FOR PROTECTIVE ORDER

EGINTON, Senior District Judge.

### FACTS

Boulanger, Hicks, Stein & Churchill ("Boulanger") represented Banque Paribas in a separate action against Dana that has since been settled.[1] On December 9, 1992, Chemical Bank served Boulanger with a subpoena duces tecum for five boxes of documents that Boulanger had retained from the *Banque Paribas* litigation. On December 11, 1992, Dana filed an emergency motion to temporarily stay discovery and for a protective order to quash the subpoena. On December 14, 1992, this court denied as moot Dana's motion for temporary stay of discovery, but granted the motion for Protective Order to the extent that the subpoenaed documents would be delivered to chambers for inspection. For the reasons set forth below, the motion for protective order will be granted in part and denied in part.

In the instant action, Chemical Bank loaned Streets Ahead, Inc., a corporation wholly owned by Dana, 570,000 Pounds Sterling to acquire certain real property in London, England. Chemical Bank acquired a security interest in the London property. As further collateral, Dana personally guaranteed the loan. Dana defaulted on the loan and Chemical Bank foreclosed on the London property. After crediting the proceeds from the sale of the London property, Chemical Bank claims that the balance due on the note as of June 4, 1992 is $862,161.92. Dana admits that she defaulted on the loan, that the London property was collateral, and that she personally guaranteed the loan. However, the amount due under the note remains in dispute. As affirmative defenses, Dana claims that the disposition was commercially unreasonable and that Chemical Bank failed to give her reasonable notice of the foreclosure sale.

Dana argues that the subpoenaed documents should not be turned over because they contain financial information that is unrelated to the instant action. For example, Dana claims that documents concerning her ownership of real property in Westport, Connecticut, are irrelevant to the instant action, and that plaintiff is either seeking to harass her or is making premature inquiries into assets for satisfaction of a judgment. The only connection between Dana's Westport property and this action is that Dana's interest in that property was attached at the start of this action. Dana also argues that the subpoenaed documents should be returned to her according to a letter agreement, dated August 24, 1992, entered into in the *Banque Paribas* case.

---

1. *Banque Paribas v. Jeanne–Marie Dana, a/k/a Jeanne Peters a/k/a J. Martin Dana a/k/a Patricia Delafield and a/k/a Mrs. Ashton Sloane and Connaught Properties, Inc.,* 5–89–CV–126 (JAC).

Chemical Bank argues that Dana lacks standing to object to a subpoena served on Boulanger, a non-party, and that the broad scope of discovery allows inquiry into these areas. Chemical Bank also notes that Dana's past willful misconduct in discovery makes production of these documents necessary, or there may be a risk of losing them permanently. In fact, Judge Cabranes found Dana's conduct so egregious that on May 4, 1992, he granted Paribas's Motion for Attorney's Fees and Sanctions against her.

### DISCUSSION

▓ In the *Banque Paribas* case, Boulanger and Dana agreed that certain documents would be returned to Dana and kept confidential, pursuant to the August 24, 1992, letter agreement. However, the letter agreement has no relevance here because it specifically excludes from having to be produced any discovery materials which were filed with any court or marked as exhibits in any proceedings.[2] Most of the subpoenaed documents have been filed with a court or marked as exhibits. Therefore, the letter agreement does not preclude production of these documents.

▓ Ordinarily a party has no standing to quash a subpoena served on a third party, unless the party claims some personal right or privilege with regard to the documents sought. *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y.1990) (defendants had standing to object to issuance of subpoenas served by plaintiff on third parties based on claim of personal privacy rights in the records sought), *quoting* 9 Wright & Miller, *Federal Practice and Procedure* § 2457 (1971); *see also, Carey v. Berisford Metals Corp.*, 1991 WL 44843, U.S. Dist. LEXIS 3776 (S.D.N.Y. 1991) (plaintiff had privacy interest in his bank records, allowing him to contest subpoena served on a nonparty bank). Compliance with the subpoena might infringe on certain privacy rights, in that Chemical Bank would have easy access to Dana's unrelated

financial and business dealings in detail, even though most of the documents are already a matter of public record. Therefore, Dana has standing to contest the subpoena. And since these documents are otherwise available as public records, the risk of permanent loss through defendant's misconduct is eliminated.

▓ Generally, the scope of discovery is limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b). "Relevancy is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Carey,* 1991 WL 44843, U.S. Dist. LEXIS 3776 (S.D.N.Y. 1991), *quoting Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). However, Federal Rule of Civil Procedure 26(c) provides that "upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, ..." For example, in *Chazin,* the court limited discovery from the subpoenas to material that pertained to acts specified in the complaint. *Chazin,* 129 F.R.D. at 98. In these pleadings, the only contested issues are the amount due on the note, the commercial reasonableness of the foreclosure sale, and whether Dana had adequate notice of the sale. Thus, the court finds that discovery should be limited to documents containing information relating to Mrs. Dana's general business affairs, Streets Ahead, Inc., and the London property. Discovery should not include unrelated documents pertaining to the *Banque Paribas* litigation, or detailed information regarding Mrs. Dana's other business or personal interests. Chemical

---

**2.** The letter provides: "Paribas agrees to turn over to you, ... all discovery materials relating to you and Connaught obtained by Paribas in the above-captioned lawsuit, the New York State Supreme Court action brought by Connaught against Paribas and its attorneys, and in the course of your and Connaught's bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, except for copies or originals of discovery materials which have already been filed with any court or marked as exhibits in any of such proceedings."

Bank's right to obtain relevant discovery is outweighed by Dana's privacy interests in these documents.

Therefore, the following documents are discoverable:

1. Dana's Supplemental Affidavit dated 8/3/90 (and annexed memo of Pierre Haas) **Box I,** Bound Volume 3, Document 83(a)

2. Affidavit of Jeanne–Marie Dana dated 3/14/91 **Box I,** Bound Volume 4, Document 136

3. Affidavit of Laurence Serezky dated 3/18/91 (attached memo contains relevant information re Dana, but also some information re her unrelated properties) **Box I,** Bound Volume 4, Document 138

4. Plaintiff's Statement of Undisputed Material Facts Pursuant to Rule 9(c) dated 4/6/92 (general information re Mrs. Dana's business affairs) **Box II,** Bound Volume 6, Document 210(a)

5. Affidavit of Jeanne–Marie Dana dated 5/6/91 (includes list of Mrs. Dana's litigation involvement and her debtors and creditors in accordance with Bankruptcy Rule 1007(d)) **Box II,** Bound Volume 6, Document 210

6. Transcript of Deposition of Jeanne–Marie Dana dated 4/29/91 **Box III,** Bound Volume II, pp. 304–311

7. Transcript of Deposition of Jeanne–Marie Dana dated 6/10/91 (admission of check writing authority for Streets Ahead, Inc.) **Box III,** p. 206

8. Statement of all Liabilities of Dana dated 9/5/91, Schedule A **Box V,** Bound Volume I, Document B–14

9. Dana's Affidavit in Opposition dated 11/1/91 **Box V,** Bound Volume IV, Document B–46

All other documents contained in Boxes I through V are not discoverable.

### CONCLUSION

Accordingly, defendant's motion for protective order (# 29–2) is GRANTED in part and DENIED in part as delineated above.

The discoverable materials shall be made available to the plaintiff by April 2, 1993.